# WEINER LAW GROUP LLP

Attorneys at Law
629 Parsippany Road
P.O. Box 0438
Parsippany, New Jersey 07054
Phone 973-403-1100  /  Fax: 973-403-0010

Jay R. McDaniel                                                                                         jmcdaniel@weiner.law
Member of the Firm

May 30, 2019

Hon. Lois H. Goodman, U.S. Magistrate Judge
United States District Court, District of New Jersey Trenton
Clarkson S. Fisher Federal Building & U.S. Courthouse
Room 7050
402 E. State Street
Trenton, NJ 08608

   **RE:** **Judd Shaw, P.A., et al v. David B. Kreizer, Esq., et al**
      **Case No.:  3:19-cv-12237-FLW-LHG**
      **Our File No. 23212**

Dear Magistrate Goodman:

  On May 20, 2019, a telephone conference was held in this matter during which the parties discuss with the Court the preservation of Electronically Stored Evidence (ESI).  Your Honor instructed the parties to negotiate mutual protocols for the preservation of ESI.  I thereafter provided my adversary with the name of our consultant, as such protocols involve technical issues and routinely require the use of a consultant.  I have followed up with adversary counsel and have not received a response.

  I write to request a conference with the Court in which we may get some more definitive instructions on this issue.  My concern is two-fold.  We are not in compliance with the Court's direction and I am concerned that ESI is being lost by continued use of devices that have not been forensically imaged.

  I attach copies of relevant correspondence with adversary counsel for the Court's reference.

Very truly yours,

WEINER LAW GROUP LLP

By_____
          Jay R. McDaniel
          Member of the Firm

JRM/rp

1617395_1
Enclosures
cc: Samuel Samaro, Esq. (ECF)

# WEINER LAW GROUP LLP
Attorneys at Law
629 Parsippany Road
P.O. Box 0438
Parsippany, New Jersey 07054
Phone 973-403-1100  /  Fax: 973-403-0010

Jay R. McDaniel, Esq.  jmcdaniel@weiner.law
A Member of the Firm  Direct Dial:  973-602-3915

May 14, 2019

**VIA EMAIL AND NJ LAWYERS SERVICE**
Sam Samaro, Esq.
Pashman Stein Walder Hayden
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

    Re:    **Judd B. Shaw P.A. v. David P. Kreizer, Esq., et al.**
              **United States District Court for the District of New Jersey**
              **Case No.:  3:19-cv-12237-FLW-LHG**

Dear Sam:

        Our forensics review of computers, cell phone records and other information left behind at the office of our client reveals that David Kreizer and at least one employee used Office 365 One Drive to transfer confidential and proprietary information (commercial and client information) in violation of their fiduciary duties and in a manner contrary to law.  We have also concluded that Mr. Kreizer created a duplicate case management system and appears to have hosted that system at Rekall Technologies.  We further note the use of a computer SMS text messaging service, a file transfer and file locker account, and receipt of documents at the offices of my client.  Our analysis indicates that some, but potentially not all, employees participated in the theft of electronically stored information.  In addition, we are coming upon substantial irregularities in the handling of files, including the failure to enter settlements into the system and attempts to misdirect settlement proceeds.

        Our review is ongoing, but this letter to assure that you are aware that there is substantial electronic evidence in the possession, custody and control of the Defendants of that is material to the unlawful conduct that is at issue in this case and which may constitute criminal conduct.  You are under an immediate obligation to communicate to your clients their legal obligation to preserve this electronically stored information.  It has also become abundantly clear that you cannot continue to represent all of the former employees in this action.  We demand that the employees

**Sam Samaro, Esq.**  May 14, 2019
**Re: Judd B. Shaw P.A. v. David P. Kreizer, Esq., et al.**  Page 2
**Case No.: 3:19-cv-12237-FLW-LHG**

other than Mr. Kreizer retain independent counsel as there is plainly a conflict of interest among them.

This lawsuit requires preservation of all information from Defendants and third-party computer systems, including smart phones, PDAs, tablets and personal storage devices, removable electronic media, and other locations. This includes, but is not limited to, email and other electronic communication, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, applications and network access information.

All of the information contained in the letter should be preserved for the following dates and time periods: March 1, 2019 to the present.

## PRESERVATION OBLIGATIONS

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Due to its format, electronic information is easily deleted, modified or corrupted. Accordingly, Defendants must take every reasonable step to preserve this information until the final resolution of this matter.

This includes, but is not limited to, an obligation to:

- Discontinue all data destruction and backup tape recycling policies;

- Preserve and not dispose of relevant hardware unless an exact replica of the file (a mirror image) is made;

- Preserve and not destroy passwords, decryption procedures (and accompany software), network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software;

- Maintain all other pertinent information and tools needed to access, review, and reconstruct necessary to access, view, and/or reconstruct all requested or potentially relevant electronic data.

## DESCRIPTION OF DATA SOUGHT

This lawsuit requires preservation of all information from utilized, accessed, copied or transferred by Defendants in their computer systems, removable electronic media and other locations relating to the business of Judd B. Shaw P.A., doing business as Shaw Kreizer, and David P. Kreizer, L.L.C. doing business as Kreizer Law and each and all of the individual defendants: ]. This includes, but is not limited to, email and other electronic communication, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, and network access information.

Sam Samaro, Esq.                                                                                    May 14, 2019
Re: Judd B. Shaw P.A. v. David P. Kreizer, Esq., et al.                                             Page 3
Case No.: 3:19-cv-12237-FLW-LHG

**IX. Electronic Files.** Defendants have an obligation to preserve all digital or analog electronic files in electronic format, regardless of whether hard copies of the information exist. This includes preserving:

A. Active data (i.e., data immediately and easily accessible on the client's systems today); B. Archived data (i.e., data residing on backup tapes or other storage media);

C. Deleted data (i.e., data that has been deleted from a computer hard drive but is recoverable through computer forensic techniques); and

D. Legacy data (i.e., data created on old or obsolete hardware or software).

E. [Plaintiffs/Defendants/Third Party] must preserve active, archived and legacy data including but not limited to:

   1. Word-processed files, including drafts and revisions;

   2. Spreadsheets, including drafts and revisions;

   3. Databases;

   4. CAD (computer-aided design) files, including drafts and revisions;

   5. Presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint);

   6. Graphs, charts and other data produced by project management software (such as Microsoft Project);

   7. Animations, images, audio, video and audiovisual recordings, MP3 players, and voicemail files.

   8. Data generated by calendaring, task management and personal information management (PIM) software (such as Microsoft Outlook or Lotus Notes);

   9. Data created with the use of personal data assistants (PDAs), such as PalmPilot, HP Jornada; Cassiopeia or other Windows CE-based or Pocket PC devices;

   10. Data created with the use of document management software; and

   11. Data created with the use of paper and electronic mail logging and routing software. F. [Plaintiffs/Defendants/Third Party] must preserve media used by [Plaintiffs/Defendants/Third Party].

Defendants' computers including but not limited to:

   1. Magnetic, optical or other storage media, including the hard drives or floppy disks used by [Plaintiffs/Defendants/Third Party] computers;

Sam Samaro, Esq.                                                                May 14, 2019
Re: Judd B. Shaw P.A. v. David P. Kreizer, Esq., et al.                         Page 4
Case No.:  3:19-cv-12237-FLW-LHG

> 2. Backup media (i.e., other hard drives, backup tapes, floppies, Jaz cartridges, CD- ROMs) and the software necessary to reconstruct the data contained on the media; and

> 3. Archived media (Defendants should retain a mirror image copy of any media no longer in service but used during the following time periods):

**X. Hardware.** Defendants have an obligation to preserve all electronic processing systems, even if they are replaced. This includes computer servers, stand-alone personal computers, hard drives, laptops, PDAs, and other electronic processing devices. Defendants should should retain copies of any hardware no longer in service but used during the following time periods: March 1 to the present.

**XI. Emails.** Defendants have an obligation to preserve all potentially relevant internal and external emails that were sent or received. Email must be preserved in electronic format, regardless of whether hard copies of the information exist.

**XII. Internet Web Activity.** Defendants have an obligation to preserve all records of Internet and Web-browser generated files in electronic format, regardless of whether hard copies of the information exist. This includes Internet and Web-browser-generated history files, caches and "cookies" files stored on backup media or generated by an any Defendant.

**XIII. Activity Logs.** Defendants must preserve all hard copy or electronic logs documenting computer use by Defendants.

**XIV. Supporting Information.** Defendants must preserve all supporting information relating to the requested electronic data and/or media including:

A. Codebooks, keys, data dictionaries, diagrams, handbooks, or other supporting documents that aid in reading or interpreting database, media, email, hardware, software, or activity log information.

**XV. Information for Employees.** Defendants should must preserve all data that contains the information described below for employees that have had involvement with the Defendants, inlcuding:

> A. Name(s) & Job Title(s);

B. Basic employee information, including name, date of birth, social security number, employee identification number, race, date hired (or re-hired), and educational background;

> C. Employment performance evaluations or reviews;

D. All information, including W-2 forms, relating to compensation (including salary, bonuses, merit increases, stock options or other forms of compensation);

E. For each position held by the employee during [time period], list the job title/position, salary level, function or description, location, division, department, subsidiary, time in

| | |
|---|---:|
| **Sam Samaro, Esq.** | May 14, 2019 |
| Re: Judd B. Shaw P.A. v. David P. Kreizer, Esq., et al. | Page 5 |
| Case No.: 3:19-cv-12237-FLW-LHG | |

position, and job status (covered or not covered), and whether the employee was full-time, part-time or temporary;

F.  Any disciplinary action or employment contract violations; and

G.  If the individual is a former employee, list the data of departure and reason for leaving.

**DESCRIPTION OF DOCUMENTS AND MEDIA THAT SHOULD BE PRESERVED**

**III. Data Preservation.** Defendants should should immediately preserve all data and information about the data (i.e., backup activity logs and document retention policies) relating to documents maintained in the ordinary course of business for the Defendants. This includes, but is not limited to, the information listed below.

**IV. Data Storage Devices**

A.  *Online Data Storage.* If Defendants collectively or individually use online storage and/or direct access storage devices, they must immediately cease modifying or deleting any electronic data unless a computer forensic expert makes a mirror image of the electronic file, follows proper preservation protocols for assuring the accuracy of the file (i.e., chain of custody), and makes the file available for litigation.

B.  *Offline Data Storage.* Offline data storage includes, but is not limited to, backup and archival media, floppy diskettes, magnetic, magneto-optical, and/or optical tapes and cartridges, DVDs, CDROMs, and other removable media. Defendants must immediately suspend all activity that might result in destruction or modification of all of the data stored on any offline media. This includes overwriting, recycling or erasing all or part of the media. This request includes, but is not limited to, media used to store data from personal computers, laptops, mainframe computers, and servers.

C.  *Data Storage Device Replacement.* If Defendants replace any electronic data storage devices, used by any Defendant, Defendants may not dispose of the storage devices.

D.  *Preservation of Storage Devices.* Defendants may not modify, delete or otherwise alter (i.e., by data compression, disk de-fragmentation, or optimization routines) any electronic data unless a computer forensic expert makes a mirror image of the electronic file, follows proper preservation protocols for assuring the accuracy of the file (i.e., chain of custody), and makes the file available for litigation. The expert must make a mirror image of active files, restored versions of deleted files, and restored versions of deleted file fragments, hidden files, and directory listings. This includes, but is not limited to, preserving electronic data (stored on online or offline storage devices) that came from the following hardware or software applications:

1.  Fixed drives on stand-alone personal computers or laptops;

2.  Network servers and workstations; and

3.  Software application programs and utilities.

Sam Samaro, Esq.  May 14, 2019
Re: Judd B. Shaw P.A. v. David P. Kreizer, Esq., et al.  Page 6
Case No.: 3:19-cv-12237-FLW-LHG

## PRESERVATION COMPLIANCE

**IV. Activity Log.** In order to show preservation compliance, Defendants must maintain a log, documenting all alterations or deletions made to any electronic data storage device or any electronic data processing system. The log should include changes and deletions made by supervisors, employees, contractors, vendors, or any other third parties.

**V. Mirror Images.** Defendants must secure a mirror image copy (a bit-by-bit copy of a hard drive that ensures the computer system is not altered during the imaging process) of all electronic data contained on the personal computers and/or laptops of the individuals listed below. The mirror image should include active files, deleted files, deleted file fragments, hidden files, directories, and any other data contained on the computer. Defendants must also collect and store any offline or online storage devices that contain data from any electronic processing devices for the Defendant individually or collectively.

**VI. Chain of Custody.** For each piece of media that Defendants preserve, Defendants must document a complete chain of custody. A proper chain of custody will ensure that no material changes, alterations or modifications were made while the evidence was handled. Chain of custody documentation must indicate where the media has been, whose possession it has been in, and the reason for that possession.

**VII. Electronic Data Created After This Letter.** For any electronic data created after this letter or for any electronic processing systems used after this letter, Defendants must take the proper steps to avoid destroying potentially relevant evidence. This includes following the above preservation protocols.

  Compliance with Defendants' preservation obligations includes forwarding a copy of this letter to all individuals or organizations that are responsible for any of the items referred to in this letter. If this correspondence is in any respect unclear, please call me immediately.

       Very truly yours,
       WEINER LAW GROUP LLP

       */s/ Jay R. McDaniel*

    By:_____
       Jay R. McDaniel
       Member of the Firm

JRM/rp
1619928_1

# Jay R. McDaniel

| | |
|---|---|
| **From:** | Jay R. McDaniel |
| **Sent:** | Monday, May 20, 2019 12:51 PM |
| **To:** | Samuel Samaro |
| **Subject:** | Preservation of ESI |

Sam,

I want to work out a preservation plan early this week. We have imaged four computers and I believe that there is one other computer that we did not have the password for. I will speak with the client and our consultant and get back to you later today. We are using Rob Kleeger. I have no problem if the experts work out the protocols.

**WEINER LAW GROUP** LLP

Jay R. McDaniel, Esq.
A Member of the Firm
629 Parsippany Road
P.O. Box 0438
Parsippany, New Jersey 07054
Phone 973-403-1100 / Fax 973-403-0010
Direct: 973-602-3915 / Cell 201-403-8196
jmcdaniel@weiner.law
Web: www.weiner.law

*This e-mail message is from a law firm and is for the sole use of the intended recipient and may contain confidential and/or privileged information. Any unauthorized use, review, distribution or disclosure is prohibited without the prior written consent of the person/entity that drafted this communication. If you are not the intended recipient, please contact the sender by reply e-mail or express mail and destroy all copies of the original message.*

4

# Jay R. McDaniel

| | |
|---|---|
| **From:** | Jay R. McDaniel |
| **Sent:** | Wednesday, May 22, 2019 8:48 AM |
| **To:** | Samuel Samaro |
| **Cc:** | Rob Kleeger |
| **Subject:** | Preservation and Protocols |

Sam,

As previously mentioned, we are using Rob Kleeger from Digital4nx Group as our forensic and ESI consultant. He should negotiate protocols directly with your consultant. Please identify him so that we can put the two of them together.

**WEINER LAW GROUP** LLP

Jay R. McDaniel, Esq.
A Member of the Firm
629 Parsippany Road
P.O. Box 0438
Parsippany, New Jersey 07054
Phone 973-403-1100 / Fax 973-403-0010
Direct: 973-602-3915 / Cell 201-403-8196
jmcdaniel@weiner.law
Web: www.weiner.law

*This e-mail message is from a law firm and is for the sole use of the intended recipient and may contain confidential and/or privileged information. Any unauthorized use, review, distribution or disclosure is prohibited without the prior written consent of the person/entity that drafted this communication. If you are not the intended recipient, please contact the sender by reply e-mail or express mail and destroy all copies of the original message.*

1

# Jay R. McDaniel

| | |
|---|---|
| **From:** | Jay R. McDaniel |
| **Sent:** | Tuesday, May 21, 2019 5:17 PM |
| **To:** | Samuel Samaro |
| **Subject:** | RE: Shaw v. Kreizer |

I sent you a preservation notice on May 14, 2019, which I think fairly describes your clients' obligations. See the description of electronic files beginning at page 3 and the description of data storage devices at page 5. I believe that under the circumstances your clients have an obligation to make forensic images and preserve all computers, storage devices and services, smart phones, external drives or storage and the like. However, we rely on the preservation notice for a better description of the devices that we believe are involved. Your clients will know which are applicable.

With regard to the accounting, the law requires that fees be divided in proportion to the work performed. Your client has an obligation to preserve those fees for future division and to satisfy the outstanding expenses. I am putting together a proposal for your consideration. In the interim, we do not consent to any disbursements other than the payment of liens or advanced cost and expense.

**WEINER LAW GROUP**LLP

Jay R. McDaniel, Esq.
A Member of the Firm
629 Parsippany Road
P.O. Box 0438
Parsippany, New Jersey 07054
Phone 973-403-1100 / Fax 973-403-0010
Direct: 973-602-3915 / Cell 201-403-8196
jmcdaniel@weiner.law
Web: www.weiner.law

*This e-mail message is from a law firm and is for the sole use of the intended recipient and may contain confidential and/or privileged information. Any unauthorized use, review, distribution or disclosure is prohibited without the prior written consent of the person/entity that drafted this communication. If you are not the intended recipient, please contact the sender by reply e-mail or express mail and destroy all copies of the original message.*

---

**From:** Samuel Samaro <ssamaro@pashmanstein.com>
**Sent:** Tuesday, May 21, 2019 5:04 PM
**To:** Jay R. McDaniel <jmcdaniel@weinerlesniak.com>
**Subject:** Shaw v. Kreizer

Jay: Yesterday you stated that your pressing issues were preservation and an accounting. I agreed to both of them. I suggested to you that our pressing issues were described in my May 16 letter. After our conversation, I sent an email to you describing those issues again and asking that you assist us in resolving them, just as we have assisted you. Since then, I have heard nothing from you. So you know, if I am forced to raise the issues with the court, I am going to send this email thread. Please respond.

Sam Samaro
Member of the Firm
Direct: 201.270.4908
Email

2



Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601
Phone: 201.488.8200
Fax: 201.488.5556
www.pashmanstein.com

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

# WEINER LAW GROUP LLP

Attorneys at Law
629 Parsippany Road
P.O. Box 0438
Parsippany, New Jersey 07054
Phone 973-403-1100 / Fax: 973-403-0010

Jay R. McDaniel, Esq.
A Member of the Firm

jmcdaniel@weiner.law
Direct Dial: 973-602-3915

May 23, 2019

**VIA EMAIL**
Samuel J. Samaro, Esq.
Pashman Stein Walder Hayden
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

Re:   **Judd B. Shaw P.A. v. David P. Kreizer, Esq., et al.**
      **United States District Court for the District of New Jersey**
      **Case No.: 3:19-cv-12237-FLW-LHG**
      **Our File No. 23212**

Dear Sam:

I have not had a reply to my inquiry on the identity of the forensic consultant that your client is engaging. It is important that our respective consultants negotiate protocols and identify devices that will be preserved. You will recall that the magistrate judge directed us to develop these protocols.

I am also awaiting your response on our proposal for the appointment of a special master to allocate fees assure the payment of disbursements made on behalf of clients.

Very truly yours,
WEINER LAW GROUP LLP

By:_____
Jay R. McDaniel
Member of the Firm

JRM/rp

Samuel J. Samaro, Esq.  
Re: Judd B. Shaw P.A. v. David P. Kreizer, Esq., et al.  
Case No.: 3:19-cv-12237-FLW-LHG

May 23, 2019  
Page 2

cc:    Judd B. Shaw, Esq.  
       Andrew Kyreakakis, Esq.

1624578_1