# Arnold & Porter

**Paul J. Fishman**
+1 212.836.8152 Direct
Paul.Fishman@arnoldporter.com

June 17, 2019

**VIA ECF**

The Honorable Lois H. Goodman, U.S. Magistrate Judge
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
Courtroom 7E
402 East State Street
Trenton, NJ 08608

Re:   *Shaw v. Kreizer*, Case No. 3:19-cv-12237-FLW-LHG

Dear Judge Goodman:

Along with Pashman Stein Walder Hayden, we represent Defendants-Counterclaimants in the above-captioned action. As the Court is aware, this case involves disputes arising out of the termination and dissolution of a law firm partnership known as Shaw Kreizer, P.A. ("Shaw Kreizer"). Although there are underlying matters that will be resolved in the ordinary course of this ligation, we write to respectfully request a pre-motion and status conference to address ongoing, urgent issues among the parties in this action, which are adversely affecting the clients of David P. Kreizer LLC ("DPK LLC") on a daily basis.

Mr. Shaw is apparently unable to handle ethically and professionally that many former Shaw Kreizer clients have elected to have DPK LLC and Mr. Kreizer continue to represent them. As a result, he or those in his employ have repeatedly and detrimentally sought to interfere with that choice, and have refused to facilitate simple administrative tasks necessary to the orderly transfer of ongoing client matters. Mr. Shaw's actions have left cases and settlements in limbo, increased client expenses, delayed ongoing actions, and resulted in many angry, frustrated clients. Although we have been patient and tried to work these matters out through numerous letters, emails and phone calls, our efforts have unsuccessful and we now seek the Court's assistance.

There are three issues in particular that require immediate attention: (i) Plaintiffs' failure to provide DPK LLC with copies of 92 files and 47 substitution of counsel forms for clients who have executed written documentation of their choice of Mr. Kreizer; (ii) the inability to quickly resolve the disbursement of settlement money to clients who have

**Arnold & Porter**

Judge Goodman
June 17, 2019
Page 2

chosen to retain DPK LLC ("DPK LLC Clients"); and (iii) the refusal of Plaintiffs, and those who work with them, to stop contacting, harassing, and threatening DPK LLC Clients. Each of these issues is irreparably harming the DPK LLC Clients, Defendants-Counterclaimants, and the business of DPK LLC.

*Client Files and Substitution of Counsel Forms*

Since late April, when numerous clients indicated their preference for Mr. Kreizer and his new firm, Defendants-Counterclaimants have repeatedly requested that Plaintiffs provide them with copies of relevant client files and, where necessary, substitution of counsel forms. Plaintiffs have dragged their feet on these requests. In fact, despite numerous demands, including two lists provided directly to Plaintiffs' counsel, there are 92 client files and 47 substitution of counsel forms still outstanding. Plaintiffs' failure to expeditiously transfer files and execute substitution forms is an intentional effort to interfere with the ability of DPK LLC to represent these clients properly.

Defendants-Counterclaimants respectfully request that the Court order Plaintiffs to turn over all of the outstanding files and substitution of counsel forms, by June 19, 2019.

*Disbursement of Client Settlement Amounts*

Prior to the filing and during the pendency of this action, the cases of a number of DPK LLC Clients have settled. In some instances, the settlement payments have been sitting in or deposited into a bank account of Shaw Kreizer or Judd Shaw, P.A. However, Plaintiffs have ignored repeated, urgent requests by DPK LLC to facilitate the clients' receipt of the money to which they are entitled. Instead, Plaintiffs have thrown up a smokescreen of allegations of sloppy accounting to justify their refusal to transfer settlement funds to clients, even when Defendants-Counterclaimants have offered to escrow the portion of the settlements attributable to expenses or fees. In one instance last week, Plaintiffs finally agreed to release the monies owed to one individual only when the client threatened to file an ethics complaint.

This Court should not permit this conduct to continue. Defendants-Counterclaimants therefore respectfully request that the Court order Plaintiffs to distribute immediately all monies owed to any DPK LLC Clients and to attend expeditiously to future settlements. To the extent there is any dispute regarding portions of the settlements that are attributable to fees and expenses, Defendants-Counterclaimants respectfully request that the Court order the parties to put those disputed amounts in escrow during the pendency of the action and pay the remainder to the client.

**Arnold & Porter**

Judge Goodman
June 17, 2019
Page 3

***Harassing and Threatening Client Communications***

      Almost every day, Mr. Kreizer, or one of his employees at DPK LLC, is contacted by a DPK LLC Client complaining about a communication from Plaintiffs or individuals who work for them.  The clients' descriptions of these encounters are deeply troubling, and appear to recount conduct that violates the rules of professional conduct.  For example, we are advised that clients have reported receiving three to four calls in a week from someone associated with Plaintiffs; multiple email and letter communications alleging dire circumstances if the clients continue to move forward with the retention of DPK LLC; and other communications misrepresenting the manner in which Mr. Kreizer departed Shaw Kreizer, the ability of Judd Shaw, P.A. to transfer files, and monies owed for incurred fees and expenses.  At one point, we understand that clients were being told that they had to pay back all fees and expenses *immediately*, even though the clear language of their retainer agreements with Shaw Kreizer provided that such fees and expenses would be due at the end of the case.  Additionally, we understand that certain clients have contemplated hiring attorneys in an effort to stop the harassment.

      Although Defendants-Counterclaimants have repeatedly asked Plaintiffs to stop contacting clients in this manner, Plaintiffs have not changed their behavior and, in fact, the client contact appears to be escalating.  This blatant harassment has caused clients a great deal of anxiety, and is damaging the ongoing business and reputation of DPK LLC.

      Consequently, Defendants-Counterclaimants respectfully request that the Court order Plaintiffs to cease any outreach and communications with individuals who have either executed client preference forms or signed engagement letters with DPK LLC.  To the extent that Plaintiffs allege that DPK LLC or any other Defendant improperly solicited these individuals (and there should be none, as Defendants-Counterclaimants abided by their ethical obligations in each instance), that allegation can be litigated in this forum and remedied at the end; self-help in the form of the ongoing harassment of third parties is not appropriate.

      Defendants-Counterclaimants therefore request a pre-motion and status conference to expeditiously resolve these matters.  Defendants-Counterclaimants are available for such a conference any day this week.

      Respectfully submitted,

      /s/ Paul J. Fishman

cc:    All counsel of record (*via ECF*)