# WEINER LAW GROUP LLP

Attorneys at Law
629 Parsippany Road
P.O. Box 0438
Parsippany, New Jersey 07054
Phone 973-403-1100  /  Fax: 973-403-0010

Jay R. McDaniel, Esq.                                                                              jmcdaniel@weiner.law
Member of the Firm

June 19, 2019

**VIA ECF**

Honorable Lois H. Goodman, U.S. Magistrate Judge
United States District Court, District of New Jersey Trenton
Clarkson S. Fisher Federal Building & U.S. Courthouse
Room 7050
402 E. State Street
Trenton, NJ 08608

      **RE:** **Judd Shaw, P.A., et al v. David B. Kreizer, Esq., et al**
            **Case No.:  3:19-cv-12237-FLW-LHG**
            **Our File No. 23212**

Dear Magistrate Goodman:

      As the Court knows, my law firm represents Plaintiffs Judd Shaw, P.A. and Judd B. Shaw, Esq. in this matter.  I am writing in response to the June 17, 2019 letter of Paul J. Fishman, Esq. We have no objection to a case management conference, but believe that any such conference should be in person and that all of the parties should be required to attend.

      It is respectfully submitted that Mr. Fishman asserts factual contentions that are disputed and that cannot be decided by way of letter-writing.  The Plaintiffs, in sworn filings with the State Court before removal, and in my direct communications with defendants' counsel, have pointed out that the defendants are the parties who have improperly solicited plaintiffs' clients, held on to settlement funds without any notice to plaintiffs, and have engaged in a series of other improper actions.

      More recently, there have been serious issues with the trust account as it was left behind. Mr. Kreizer, as the attorney responsible for the personal injury practice when he was at the Shaw firm, managed the trust accounting.[1]  He failed during the four years he was with the firm to reconcile the trust account and did not maintain client ledgers.  In addition, since he left, we have

---

[1]     Prior to Mr. Kreizer joining the firm, the balance in the trust accounts was always nil as the PIP arbitrations do not require the claimant's lawyers to take custody of client funds.

received erroneous and/or conflicting requests for disbursements from the trust account. Mr. Shaw is in the process of retaining another attorney to deal with the issues raised by this conduct and is unwilling to release any money from the account except when the amount is documented in a closing statement signed by the client and Mr. Kreizer and is consistent with the expense ledger on the file.

The "selection" notices relied on by defendants are confusing to the clients, at least some of whom apparently do not understand that they are firing one firm and hiring another. There are by my client's count at least 10 clients who Defendants contend selected the Kreizer firm, but who have also expressed a preference to continue being represented by the Shaw firm and who continue to look to the Shaw firm as their attorneys. As I revised this letter earlier today, one of these clients was meeting with a lawyer at the Shaw firm to work on his case. Defendants complain about the Shaw firm's practice of confirming the termination of their services and advising the departing clients that under their engagement agreement with the Shaw firm, they are responsible for repayment of disbursements if the firm is discharged. Defendants dispute this obligation but, in our view, it is the Defendants who have falsely represented to these personal injury clients their obligations.[2]

In any event, the issues Mr. Fishman raises are substantive, will require discovery, and must be addressed by way of a formal motion filed by either party with a full record submitted before the District Court, including supporting and opposing affidavits, with pertinent exhibits, and briefs.

Mr. Fishman fails to advise the Court that I have and continue to attempt to work with other counsel for defendants including Samuel J. Samaro, Esq. and Kathleen A. Reilly, Esq. of Mr. Fishman's office to resolve many, if not all, the issues raised by Mr. Fishman. On June 7, 2019, I forwarded a letter to Mr. Samaro consenting to the appointment of a Master who would supervise the transfer of files, ensure that neither side is inappropriately soliciting clients, manage the reconstruction of the trust ledgers and disbursements of settlement monies, including making payments to the clients and paying for expenses on the file. I also proposed that the Master supervise the allocation of fees between the parties on each settled matter based on the proportion of services rendered, and in the event that either side raises an objection to the allocation, then the disputed funds are to be held in escrow until a later decision by the Court.

I received a response email from Ms. Reilly after close of business on June 13, 2019 wherein she delineated the Master's proposed scope of authority, much of which was consistent with my letter, but there were some significant differences and I will be following up with Ms. Reilly again in an attempt to avoid formal motion practice. I have today proposed a management system using shared folders and spreadsheets along with designated representatives to track issues related to the engagement of clients, transfer of files and other related issues.

---

[2] The Shaw firm has not attempted to collect disbursements or compensation for its services and has informed former clients that it would look first to the new lawyer for repayment. Defendants object to communications that do no more than quote the terms of the agreements.

The parties have made some progress in resolving these issues, and I remain optimistic that at least some items can be resolved by agreement. Either party can, of course, file a motion with the Court in the event that any issues remain unresolved.

While we remain open to negotiating a resolution to all of the issues raised in Mr. Fishman's letter, with all due respect to adversary counsel, this is not relief that may be ordered in the manner requested.

Respectfully,

WEINER LAW GROUP LLP

By_____
    Jay R. McDaniel
    Member of the Firm

JRM/jrm

cc:    Paul J. Fishman, Esq. (ECF)
        Samuel Samaro, Esq. (ECF)
        Kathleen A. Reilly, Esq. (Email)
        Judd B. Shaw, Esq. (Email)

1638624_2